IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LARRY WAYNE MCVEAY, JR.**                                           **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO. 1:21-cv-95-TBM-RPM**

**JACKSON COUNTY ADULT
DETENTION CENTER**                                                 **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. Pro se Plaintiff Larry Wayne McVeay, Jr., initiated this action on March 31, 2021. At the time, he was a pretrial detainee at the Jackson County Adult Detention Center.

On April 1, 2021, the Court ordered [3] McVeay to either pay the $402 filing and administrative fees or file an application to proceed *in forma pauperis* ("IFP"), including completing "the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court." [3] at pg. 1. The response was due May 3, 2021. On April 7, 2021, McVeay responded by filing an IFP application, but he did not provide the Certificate. On that same date, the Court received McVeay's signed Acknowledgment of Receipt of Prison Litigation Reform Act and Amendments to MCA 47-5-138.

Since McVeay did not comply with the Court's Order [3], on May 17 the Court entered the first Order [7] to Show Cause. The Court ordered McVeay to either pay the fees, provide the IFP Certificate, or show cause why the case should not be dismissed for failure to obey the Court's prior Order [3]. The response was due June 1. The Order was mailed to McVeay at the Jackson County Detention Center, his address of record. The envelope [8] containing the Order [7] was

returned from the Jackson County Detention Center by the postal service stating, "Return to Sender, Unable to Forward," with a handwritten notation "No Longer Here UTF." On June 15, the Court entered a Second Order [9] to Show Cause giving him one final chance to comply. This Order was mailed to McVeay at the Jackson County Detention Center. The envelope [10] containing the second Show Cause Order [9] was returned from the Jackson County Detention Center by the postal service stating, "Return to Sender, Refused, Unable to Forward," with a handwritten notation "No longer here UTF."

All Orders were sent to McVeay's address of record, and only the Orders to Show Cause were returned as undeliverable. In its Order [2] on April 1, 2021, which McVeay received, the Court warned McVeay to advise the Court of a change in address and that the failure to do so may result in dismissal without prejudice. To date he has neither complied, provided a change of address, nor otherwise contacted the Court. The Court has warned McVeay that failure to comply, including keeping the Court apprised of his address, may lead to the dismissal of his Complaint. [9] at pg. 1-2; [7] at pg. 1; [3] at pg. 1-2; [2] at pg. 2. It is apparent from McVeay's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 734, 737-38 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to

prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link*, 370 U.S. at 629-30, 82 S. Ct. at 1388, 8 L. Ed. at 737. Defendant has never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to prosecute and obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 21st day of October, 2021.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE